UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL MONIES, FUNDS, AND CREDITS ON DEPOSIT AT LOYAL BANK LIMITED IN SAINT VINCENT AND THE GRENADINES, HELD IN THE NAMES OF ACE GUIDE HOLDINGS LIMITED AND/OR ALEXANDRE CAZES AKA ALEXANDERCAZES, INCLUDING BUT NOT LIMITED TO ACCOUNT 104013156705840, CUSTOMER ID:90528529, et al.,<br><br>Defendants. | No. 2:19-CV-00283-MCE-KJN<br><br>FINDINGS & RECOMMENDATIONS |

**I.   Introduction**

    This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).  The United States of America ("Government") brings this in rem action seeking forfeiture of certain property, pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C) and 21 U.S.C. § 881(a)(6), based on violations of federal drug and money laundering laws.  (ECF No. 1.)  Pending before the court is the Government's motion for entry of default judgment (ECF No. 20), which was submitted without hearing pursuant to Local Rule 230(g).  No opposition has been received.  Upon review of the motion, supporting documents, and good cause appearing, the court

RECOMMENDS that the Government's motion be GRANTED.

## II.     Background

This case is proceeding on the verified complaint for forfeiture in rem filed February 13, 2019.  (ECF No. 1.)  The complaint makes the following factual allegations:

Between December 2014 and July 2017, the AlphaBay hidden website served as a marketplace for illegal goods, with estimated annual sales of hundreds of millions of dollars.  (Id. at ¶ 4.)  AlphaBay was designed to facilitate illegal sales of malware, controlled substances, guns, stolen financial information, and counterfeit documents around the globe.  (Id.)  AlphaBay generated revenue by charging a 2–4% commission on every transaction on the website.  (Id. at ¶ 7.)  Over the course of its investigation the Government made undercover purchases of controlled substances, fake identification documents, and an ATM skimmer from AlphaBay vendors.  (Id. at ¶ 11.)  These purchases were made from, and shipped to, the Eastern District of California.  (Id.)

Through this investigation it was discovered that Alexandre Cazes was the founder of AlphaBay, and that he was actively managing the website under the username "Admin."  (Id. at ¶¶ 12-17.)  On July 5, 2017, the Royal Thai Police executed an arrest warrant for Alexandre Cazes and a search warrant, with the assistance of the FBI and DEA, of his primary residence in Bangkok, Thailand.  (Id. at ¶ 18.)  During the search, law enforcement seized Cazes' laptop, which contained information further confirming his connection to AlphaBay and that he controlled the username "Admin."  (Id.)  The seized laptop also contained Cazes' financial information, including Cazes' specific holdings and investments.  (Id. at ¶¶ 19-27.)

Defendant Siam Bank Account was included in these financial records, and law enforcement has connected funds of the Siam Bank Account to transfers made by Cazes from criminal funds obtained through AlphaBay.  (Id. at ¶ 24.)

It was also uncovered that Cazes was seeking citizenship from multiple countries in exchange for purchasing various real estate in those countries.  (Id. at ¶¶ 28–32.)  Cazes was seeking citizenship in Grenada, which required a deposit—the defendant $12,250.00.  (Id. at ¶ 30.)  Similarly, Cazes deposited $65,000.00 for property in St. Kitts and Nevis, in order to obtain citizenship in that country — the defendant $65,000.00.  (Id. at ¶ 31.)  Cazes also paid a retainer

to a travel and economic consultant to assist him with multiple economic citizenship applications for he and his wife; of this retainer $51,910.00 remained unspent — the defendant $51,910.00. (Id. at ¶ 32.) All these expenditures were made using criminal proceeds from AlphaBay. (Id. at ¶¶ 30-32.) The Government seized these three checks in the amounts of $12,250.00, $65,000.00, and $51,910.00 as well as the Siam Bank Account (collectively "defendant assets"); which are currently in the possession of the U.S. Marshal. (ECF No. 1-2 at ¶ 3.)[1]

The Government subsequently filed the present action for forfeiture. Pursuant to an order of this court issued February 20, 2019, notice of this action was published on the official internet government forfeiture site (www.forfeiture.gov) and ran for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF Nos. 3 (Order for Publication) and 5 (Declaration of Publication).)

On April 9, 2019, copies of the complaint and related documents were sent by certified mail to Martin Cazes and Danielle Heroux, Cazes' father and mother, at their last known addresses. (ECF No. 20-3 at ¶¶ 3, 4.) On May 3, 2019, Sunisa (Cazes) Thapsuwan, Cazes' ex-wife and executor of his estate, was personally served copies of the complaint and related documents by the Royal Thai Police. (Id. at ¶¶ 6-7.) The Government sent copies of the complaint and related documents via certified mail to Ace Guide Holding Limited, in Hong Kong, but the package was returned. (Id. at ¶ 5.)

To date, the deadline for filing a claim has passed with no claim or answer being filed by, or on behalf of, Martin Cazes, Danielle Heroux, Sunisa (Cazes) Thapsuwan, or Ace Guide Holding, as required by Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, to contest this action. (See ECF Nos. 11, 13, 14.)

On July 26, 2019 and July 29, 2019, at the Government's request, the Clerk of Court entered default as to Martin Cazes, Danielle Heroux, Sunisa (Cazes) Thapsuwan, and Ace Guide

---

[1] "The United States is not seeking to forfeit the bank account at Loyal Bank Limited in Saint Vincent and the Grenadines. Loyal Bank Limited is currently in liquidation proceedings, as ordered by the High Court of Saint Vincent and the Grenadines." (ECF No. 20-1 at 2 n.1.)

3

1  Holdings, pursuant to Fed. R. Civ. P. 55(a).  (ECF Nos. 12, 15, 16.)

2  **III.    Legal Standard**

3  "The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.'  Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property."  United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted).  Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985.  Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule" or "Supp. Rule").  United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. Rule A(1)(B); Supp. Rule G (setting forth specific procedural and notice requirements).  These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California ("Local Rule"), which govern all in rem proceedings filed in this court.  See Local Rule 500.  Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

**IV.    Analysis**

Local Rule 540(d) provides for an ex parte hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof.  The Government has demonstrated compliance with these requirements.

   **A.    Notice**

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant.  Fed. R. Civ. P. Supp. G(4)(a), (b).

////

### 1. Published Notice

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer." Here, the Government published the required notice of the Government's Complaint on the official government internet site (www.forfeiture.gov) for 30 consecutive days, beginning on May 2, 2019. (ECF No. 5 (Declaration of Publication).) The notice described the amount of currency ($12,250.00, $65,000.00, and $51,910.00), the account name and number of the Siam Bank Account defendant, identified the Assistant United States Attorney to receive any claim and answer, and stated that claims and answers under Rule G(5) must be brought within 60 days from the first day the notice was published. (Id.) Thus, the government has satisfied the requirements of public notice under Rule G(4)(a)(ii).

### 2. Notice to Claimants

Rule G(4)(b) sets forth the requirements for notice to known potential claimants. It provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). Rule G(4)(b) provides that the notice "must be sent by means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A). The notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii).

Here, the government complied with this rule by sending notice of the action and copies of the complaint, application and order for publication, initial pretrial scheduling order, and court notices to the potential claimants, Martin Cazes, Danielle Heroux, and Ace Guide Holding, by first-class and certified mail on April 9, 2019. (ECF Nos. 11-1 at ¶¶ 5, 6; 14-1 at ¶ 5.) Potential claimant Sunisa (Cazes) Thapsuwan was personally served with these papers by the Royal Thai

1   Police on May 3, 2019, while incarcerated in Thailand.  (ECF No. 13-1 at ¶ 5.)  As to the
2   sufficiency of the notices sent by the government, they indicate the date the notices were sent,
3   indicate the appropriate 35-day deadline for filing a claim and a 21-day deadline for submitting an
4   answer or a motion under Rule 12, and the notices list McGregor W. Scott as the attorney to be
5   served with the claim and answer.  (ECF Nos. 11-1; 13-1; 14-1)

6   Finally, Rule G(4)(b)(iii)(A) provides that "[t]he notice must be sent by means reasonably
7   calculated to reach the potential claimant."  As addressed above, the Government sent the notices
8   to the potential claimants in a manner reasonably calculated to reach each potential claimant.
9   Accordingly, the Government has satisfied the notice requirements of the Supplemental Rules and
10  Local Rule 540(a).

11  In sum, the government has adhered to the procedural rules governing civil forfeiture
12  actions as required by federal statute, the Supplemental Rules of Admiralty or Maritime Claims
13  and Asset Forfeiture Actions, and the Local Rules.  Additionally, no potential claimant has filed a
14  claim or answer, and the time to do so has expired.  See Supp. Rule G(5).  The court now turns to
15  whether default judgment is warranted.

16  **B.      Entry of Default Judgment is Proper**

17  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default
18  when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  The
19  Clerk's entry of default against the named potential claimants effects their admission of the
20  factual allegations of the complaint, except those relating to the amount of damages.  Fed. R. Civ.
21  P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a
22  responsive pleading is required and the allegation is not denied"); Geddes v. United Fin. Group,
23  559 F.2d 557, 560 (9th Cir. 1977).

24  It remains within the sound discretion of the district court to grant a default judgment
25  pursuant to Federal Rule of Civil Procedure 55(b).  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th
26  Cir. 1980).  In making this determination, the court must consider the following factors set forth
27  in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986):
28  ////

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

The Government seeks a final judgment of forfeiture against the potential claimants of the defendant assets, and against all other potential interests. This is consistent with the nature of forfeiture in rem proceedings. See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property"). Application of the Eitel factors supports entry of default judgment.

First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have abandoned their claims to the defendant assets. Further, given that no party has attempted to oppose the complaint or otherwise make a claim against the defendant assets, if the Government's motion is not granted, it will have no other opportunity to establish its rights to the assets.

The court considers the merits of the Government's substantive claims and the sufficiency of the complaint—the second and third Eitel factors—together because of the relatedness of the two inquiries.

The court finds that the well pleaded allegations of the verified complaint state a claim for which relief can be granted. Accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant assets were used to commit, or to facilitate the commission of, a violation of 21. U.S.C. §§ 841, et seq., which permits forfeiture. See 21 U.S.C. § 881(a)(6) (permitting forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter"). Specifically, the complaint alleges that AlphaBay was explicitly created to facilitate transactions of illegal controlled substances, and the defendant

assets are directly traceable to the proceeds of those transactions. (ECF No. 1 at ¶¶ 4, 7, 11, 24, 30, 31, 32.)

The complaint also states causes of action under 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). Section 981(a)(1)(A) provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of the money laundering statute, 18 U.S.C. § 1956. Section 1956 prohibits concealing the nature, location, source, ownership, or control of proceeds of unlawful activity, knowing the property involved represents the proceeds of "some form of unlawful activity." 18 U.S.C. § 1956(a)(1)(B)(i). Additionally, Section 1956 prohibits conspiracy to commit any violation of its subsections. 18 U.S.C. § 1956(h). Here, the Government alleges that Cazes created AlphaBay for the purpose of facilitating illegal transactions and developed procedures to conceal the nature, ownership, and control of the proceeds of those transactions. (See ECF No. 1 at ¶¶ 4, 5, 8–10.) Additionally, the complaint alleges the defendant assets are property involved in the violation of the money laundering statute. (Id. at ¶¶ 24, 30, 31, 32.) Accordingly, the Government has shown it is entitled to forfeiture of the defendant assets pursuant to 18 U.S.C. § 981(a)(1)(A).

Pursuant to 18 U.S.C. § 981(a)(1)(C) property that is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1028 and 1029 is subject to forfeiture. Section 1028 prohibits knowingly transferring "an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority." 18 U.S.C. 1028(a)(2). Section 1029 criminalizes knowingly trafficking, with the intent to defraud, "device-making equipment." 18 U.S.C. § 1029(a)(4). The complaint sufficiently alleges that AlphaBay trafficked such equipment and that Cazes and AlphaBay conspired to transfer false identification documents, that the Government purchased such documents from AlphaBay in an undercover buy, and that the defendant assets were derived from the proceeds of similar transactions. (ECF No. 1 at ¶¶ 4, 7, 11, 24, 30, 31, 32.) Thus, the Government has shown it is entitled to forfeiture of the defendant assets pursuant to 18 U.S.C. § 981(a)(1)(C).

In sum, the Government has satisfied its burden for the second and third Eitel factors as to

each cause of action listed in its verified complaint.

Fourth, while the defendant assets that were seized and subject to forfeiture have a substantial value, the Government has established its right to them as products of an illegal enterprise.  Fifth, the potential claimants were properly served with notice of this action and instructions on how and when to enter a claim; no claim or answer has been filed.  On the record before this court, there is no evidence of a genuine dispute concerning the material facts.  Sixth, there is no evidence that any claimant's abandonment was due to excusable neglect.  Seventh and finally, although merits-based decisions are always preferred, <u>Eitel</u>, 782 F.2d at 1472, it is not practical here where the potential claimants have abandoned their claims.

Therefore, there is no impediment to default judgment sought by the Government and the court recommends that the motion be granted.

**V.     Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Government's motion for default judgment (ECF No. 20) be GRANTED against Martin Cazes, Danielle Heroux, Ace Guide Holdings Limited, Sunisa (Cazes) Thapsuwan, and the Estate of Alexandre Cazes in the following defendant assets:

    a. All Monies, Funds, and Credits on Deposit at Siam Commercial Bank in Thailand, held in the name of Alexandre Cazes, including but not limited to Account 407-9-15834-7;

    b. Check in the amount of $12,250.00;

    c. Check in the amount of $65,000.00; and

    d. Check in the amount of $51,910.00.

2. Final judgment be entered, forfeiting all right, title, and interest in the above-listed defendant assets to the United States, to be disposed of according to law and the authorities and laws of Thailand.

////

////

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  June 30, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/USA.283.default F&R